UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ANTONIO BATTISTE,

Plaintiff,

v.

ALBERT SMITH, et al.,

Defendants.

No. 2:16-cv-2331 DB

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983, alleging that he is being denied various rights during ongoing criminal proceedings against him in Colusa County Superior Court. (ECF No. 1.) Plaintiff's complaint is before the court for screening.

While the complaint is filed pursuant to Section 1983, the actual claims made sound in habeas corpus, as plaintiff moves for this court to intervene in ongoing legal proceedings that he claims are violating his rights. As this case does not and cannot state a cognizable claim for relief in the Section 1983 context, the court orders that a district judge be assigned to this case and that this matter be dismissed without leave to amend.

**I.  Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

### A. Legal Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

////

**B.    Discussion**

Plaintiff generally alleges that the public defender, the district attorney, and the judge in his criminal proceedings in Colusa County Superior Court are conspiring against him and violating his due process rights. (ECF No. 1.)

Plaintiff's claims are not appropriate under Section 1983, as it appears he is challenging the criminal proceedings that led to him being incarcerated. At the time that the complaint was filed, plaintiff had yet to be convicted and was being held in county custody pending trial. (ECF No. 1.) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If plaintiff seeks to make a collateral attack on his trial and imprisonment, the action should be filed pursuant to 28 U.S.C. § 2254.

However, a petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

According to the complaint, plaintiff has not been tried or convicted of any crimes at this stage, so, therefore, any petition for a writ of habeas corpus would be premature. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In order for this court to address a petitioner's habeas claims, he must first be convicted and sentenced by the state trial court. Thereafter, the petitioner must pursue his claims in the state courts of appeal until the claims have been exhausted before the California Supreme Court. Accordingly, if this

court were to interpret the complaint as a petition for habeas corpus, it would be premature and require dismissal until such time as when plaintiff exhausted his state court remedies.

In its present form, plaintiff's claims sound in habeas law and do not present cognizable claims for relief pursuant to Section 1983. For these reasons, the complaint must be dismissed without prejudice. The court will not grant leave to amend the complaint because amendment would be futile, as it appears no set of facts can rectify that this case is, in its essence, a habeas matter.

## II. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that Clerk of Court randomly assign a district judge to this action, and IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / batt.2331.scrn

4